**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **KRISTOPHER LEACH AND BRYAN FREELAND,** | § | |
| **Individually, and on behalf of all others similarly situated,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO.** ________________________ |
| **FINE WINES AND SPIRITS OF NORTH TEXAS, LLC,** | § | |
| **Defendant.** | § | |

**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT**

**I.**

**INTRODUCTION**

Plaintiffs Kristopher Leach (Leach) and Bryan Freeland (Freeland) (collectively Plaintiffs), individually and on behalf of all others similarly situated (Plaintiff Class), file this Original Class Action Complaint against Defendant Fine Wines and Spirits of North Texas, LLC.

## II.

## PARTIES

1. Plaintiff Kristopher Leach is an individual and a citizen of Collin County, Texas.

2. Plaintiff Bryan Freeland is an individual and a citizen of Collin County, Texas

3. Fine Wines and Spirits of North Texas LLC (Fine Wine) is a corporation organized under the laws of the state of Texas with its principle place of business located at 11325 Seven Locks Road, Potomac, Maryland, 20854. Defendant may be served with process, including summons and a copy of this lawsuit, by serving Defendant's registered agent for service of process, CT Corporation, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.

## JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert a claim arising under federal law.[1]

## IV.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in Collin County.

6. Collin County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(c)(3).

---

[1] 28 U.S.C. § 1331.

## V.

## COVERAGE ALLEGATIONS

7. Defendant transacts substantial business in this judicial district.

8. At all material times, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise engaging in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11. At all materials times, Plaintiffs were individual employees of Defendant who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.

## BACKGROUND FACTS

12. Plaintiffs worked for Defendant, which is a beer, wine, and liquor retailer.

13. Plaintiffs were hourly employees.

14. Defendant paid Plaintiffs as hourly employees.

15. Defendant has a practice of automatically deducting thirty minutes from Plaintiffs and the Plaintiff Class' time each day without notifying Plaintiffs or the Plaintiff Class in advance that this is being done.

16. Defendant does this without regard to whether Plaintiffs or the Plaintiff Class were able to take a lunch break during which time they were completely relieved of all their work duties.

17. When Leach and Freeland questioned this practice, Defendant fired them for pretextual reasons.

18. In Leach's case, Defendant claimed Leach was caught sleeping on the job.

19. This was untrue, and was known to Defendant to be untrue.

20. Another employee, Caleb Preston, told Defendant that Plaintiff was not sleeping but was working in the sign room.

21. The documents showing Leach's complaint and the statement from Preston are attached as an exhibit to this Complaint.

## VII.

## COLLECTIVE ALLEGATIONS

22. Like Plaintiffs, other hourly employees of Defendant throughout Texas have been victimized by Defendant's unlawful practice of automatically deducting thirty minutes from each work day for a lunch period without regard to whether a lunch was taken.

23. Some of these employees have reported to Plaintiffs that they also had time deducted from their time cards without their permission and for a lunch break that they often times did not take.

24. Plaintiffs are aware that Defendant's illegal policy and practice has been uniformly imposed on the Class Members.

25. The Class Members perform the same or similar job duties, including that they all perform non-exempt work.

26. These employees are similarly situated to Plaintiffs in terms of job duties and pay provisions.

27. Defendant's failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

28. Thus, Plaintiffs' experiences are typical of the experiences of the Class Members.

29. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment.

30. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation (one and one half their regular rate of pay) for all time worked in excess of forty hours per workweek.

31. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

32. The questions of law and fact are common to Plaintiffs and the Class Members.

33. Accordingly, the class of similarly situated plaintiffs is properly defined as:

**All Hourly Employees in Texas**

34. As a collective action, Plaintiffs seek this Court's appointment and/or designation as representative of a group of similarly situated individuals as defined.

## VIII.

## CAUSES OF ACTION

### A. First Cause of Action—Failure to Pay Wages in Accordance with the FLSA—Plaintiffs and the Plaintiff Class

35. Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

36. Defendant's practice of not paying employees for all time worked and, instead, automatically deducting time for a lunch break that they did not take, resulted in Defendant's failing to pay Plaintiffs and the Plaintiff Class a minimum wage for all hours worked, and in some cases, overtime.

37. Defendant's actions violate 29 U.S.C. §§ 206, 207, and 215(a)(2).

### B. Second Cause of Action—Unlawful Retaliation—FLSA

38. Plaintiffs incorporate each of the foregoing paragraphs.

39. Plaintiffs engaged in protected activity as set forth in 29 U.S.C. § 215(a)(3).

40. In response, Defendant terminated Plaintiffs' employment.

41. Defendant's actions violated 29 U.S.C. § 215(a)(3).

## IX.

## DAMAGES

42. Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

43. Defendant's actions violated 29 U.S.C. § 207(a).

44. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and the Plaintiff Class seek to recover all unpaid minimum wages and unpaid overtime compensation.

45. Plaintiffs and the Plaintiff Class also seek as liquidated damages an amount equal to that recovered for unpaid minimum wages and unpaid overtime compensation.

46. Plaintiffs and the Plaintiff Class seek all damages available to them under federal law.

47. Plaintiffs also seeks lost wages and liquidated damages resulting from Defendant's unlawful retaliation in terminating their employment.

## X.

## ATTORNEYS' FEES AND COSTS

48. Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

49. Plaintiffs retained the services of undersigned counsel to prosecute their claims.

50. Plaintiffs and the Plaintiff Class are entitled to recover a reasonable attorneys' fee from Defendant, including costs.

## XI.

## JURY DEMAND

51. Plaintiffs and the Plaintiff Class demand a trial by jury.

**XII.**

**CONCLUSION AND PRAYER**

52. Plaintiffs and the Plaintiff Class respectfully request that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiffs and the Plaintiff Class:

A. All unpaid minimum wages and unpaid overtime compensation;

B. Liquidated damages equal to the amount in subsection (A) above;

C. Lost wages and liquidated damages;

D. Reasonable attorneys' fees and expert fees;

E. Court costs;

F. Pre-judgment and post-judgment interest at the rate set by law; and

G. All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Matthew R. Scott

MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**

MESSAGES PHOTOS & VIDEOS eGIFT CONTAC

1/3/17 3:42 PM

Who went through and changed every single one of my punches on Kronos for last week? 3:42 PM

Adding lunches? 3:43 PM

Yes. Lunches I didn't take BC we were busy 3:43 PM

You didn't take a lunch ? If not we will put back in. I was sure everyone ate New Year's Eve. No problem i will fix 3:44 PM



Next time can someone ask

Next time can someone ask please and not just change my times and hope I don't notice

3:49 PM

Fixed. Please communicate to us when you don't take lunch. It's required

3:50 PM

I understand, just been crazy with the holidays and I would just grab food, eat and go back to the floor in a matte of 5 minutes. Now that the holidays are over I'll be sure to take my 30 minutes

3:52 PM

1/4/17 12:15 PM

Just wanted to let you know that the "update separation"



12:15 PM

holidays are over I'll be sure to take my 30 minutes

1/4/17 12:15 PM

Just wanted to let you know that the "update separation" form Lisa gave me says "voluntary" under separation type. Just noticed it.

12:15 PM

1/4/17 12:47 PM

Lisa is working on updating. We can email an updated one

12:47 PM

Okay, thank you. My email is kleach18@hotmail.com

Delivered

12:49 PM

statement

I showed up to work and clocked in. Mark Cox told me to find Kris Leach and help him with the morning pull list. I walked around the store looking for him. I didn't see him out on the sales floor but I remembered he told me that we had a lot of endcaps that were due since it was the end/beginning of the month. I noticed that there were a few endcaps that were being worked on and I saw one that was missing the overhead sign. I walked back to the sign room through the kitchen. As I pushed the door to the sign room it stopped. Kris said "Hang on" as he moved some boxes that were blocking the door. He moved the boxes and opened the door. He was moving boxes around looking for the right sign that was supposed to go above the endcap that was missing and a few others that were supposed to be changed that day. I asked him for the morning pull list and he gave it to me and I walked out. As I was walking towards the front I saw Mark Cox walking back towards the rear of the store towards the sign room. A few minutes later Kris walked up to me and said Mark told him to help me get the pull list done. Later, Mark came to me and asked if Kris was sleeping in the sign room. I told him no, he was looking for a sign for a endcap that someone had already taken down. Both me and Kris worked on the daily pull list until it was done later that morning.

Caleb Preston
972-598-3399